Case number 18-5289, USA v. Damon Shanklin Argument not to exceed 15 minutes per side Mr. Kidd, you may proceed for the appellant Your Honors, may it please the Court, I'd like to reserve three minutes for rebuttal Fine Again, Your Honors, my name is Thomas Kidd I am the attorney for Mr. Damon Shanklin, the appellant in this matter In order to address this appeal, I think it might be helpful to kind of address the procedural background It's a little bit of an unusual case because there are two sovereigns that are involved in this matter First of all, what we have here is an incident that first occurred on September 3, 2013 That incident led to a search of a residence in which Mr. Shanklin was alleged to have lived in At that point in time, what occurred is that the Commonwealth picked up charges, basically a cultivation of marijuana Mr. Shanklin denied these charges He maintained a not guilty plea The Commonwealth ended up putting up an enhancement, a firearm that was also allegedly found there Was used in furtherance of that cultivation offense Mr. Shanklin took the case to trial He was found guilty of the underlying cultivation offense However, he was not found guilty of the firearm enhancement That trial occurred, I believe it was on March 4, 2016 So two and a half years after the original event So that was the Commonwealth of Kentucky, that sovereign We then proceed immediately to the second sovereign, the United States, getting involved And what they did is they picked up the firearm charge Charging Mr. Shanklin with being a felon in possession of a firearm You're not bringing a double jeopardy claim? No, no, I'm not, Your Honor I just want to provide some background as to how we got here Again, in that situation, Mr. Shanklin denied possession Mr. Shanklin, in addition to that, through his counsel, requested that the government Or that the court reveal the confidential informant, or disclose the confidential informant That was denied, he proceeded to trial, he was convicted He was then sentenced to 63 months What's your theory of the... So we have this tipster law, you know the nature of that law So we all get the law, how that works And, you know, for the sake of our... I mean, I guess it presumptively hurts you But let's just put that to the side What's the theory? What was the idea, that the tipster placed the gun? Is that the idea? Your Honor, what was the theory of the case? Again, from looking at the motion to disclose the confidential informant I do believe that that was indeed the theory that was put forth So the tipster is going to... How strange, because the tipster doesn't refer to a gun So the tipster says there's drugs being grown there Why, if he's trying to set up Shanklin for gun possession  That just doesn't make any sense If that's the theory of what the disclosure of the tipster would have shown Your Honor, I understand the question But what we know is that the court did characterize this person as a tipster And I understand why they did so It was not a situation where it was a hand-to-hand buy And there was a CI involved And clearly, it was a confidential informant and not a tipster But what we have here, in a very small house As the government made very clear both in the trial and in the appellate brief That there was a man or there was somebody in that house We know nothing else We don't know whether or not Mr. Shanklin was in that house with them We know there's a small four-room house Where there was information provided that there's a grow operation Where was the grow operation in the house? My understanding is that it was largely in the kitchen Is my understanding Again, this was apparently a four-room house Only one bedroom You walk in, there's a living room There's a bedroom apparently off to the left Toward the back of the house There's a kitchen But the firearm was in the bedroom On top of a nightstand That is correct, Your Honor And again, I guess I would push back slightly In regards to the fact that what we A reason why the disclosure of the confidential informant Is so important in this matter Is that we have no firearm We have no photograph of a firearm We have testimony by a detective of a firearm But that's what's presented to the jury And the jury convicts So we have to take that as a given, right? In regard to sufficiency of the evidence, yes you do But in regard to having this confidential informant Disclose what we would have We would have had the theory of the case Which was at least in skeletal form Presented by trial counsel That it was planted Let's just call it what it is And we would have had a confidential informant A tipster Potentially interviewed Potentially on the stand Saying what do you have to win here? What are you gaining? That's the person that planted the gun That's the theory Why would they then say there's just drugs? If the whole mission was to get him convicted of the gun And if he planted the gun Of course that's the mission He didn't plant all the marijuana plants He clearly planted the gun Who would say Not point out there was a gun there? That just doesn't add up Your honor Unfortunately I would have to say That perhaps isn't the only theory That could be law enforcement Unfortunately we live in a time Where that is not unheard of In regard to that The people that came and investigated Lied and said there was a gun there When there wasn't How does that help you to have the tipster? The tipster would testify Yeah I was in the house I didn't see any firearm there Okay so in theory Have a detective say I saw a gun And the gun was on the nightstand Which doesn't prove it's always on the nightstand That doesn't seem very logical And I understand But we're looking at what A potential theory of defense is When was the tipster assertedly there Compared to when the police raided the house? What we have based on the affidavit Is within 48 hours So There could have been many people In and out of the house during that time Because was the house being observed By the police all during that 48 hours? Your honor From the record I cannot say That it was being observed During that entire 48 hour period And yes of course There could have been other people In the house during that period of time But again what we have here Is we have a defendant Who's saying it's not mine We have no forensic evidence Tying him to the gun Again let's Let's remember that That there was an opportunity to fingerprint To do forensics Nothing came back So he wants a trial He wants a fair trial You know and He's guaranteed a fair trial And the fact that he was not Allowed to Know who the confidential informant Or the tipster was Prevented him from having That fair trial This is unlike some of the precedent You know the published precedent This court has seen In the fact that this person Was actually inside the house What is your best case For saying that A CI like this one Should be disclosed I would go back to Roviaro You know frankly I think The promise of Roviaro You know over 60 years You know has been diminished You know so I mean what we have here Was is this relevant And helpful to the defense How could it not be You know somebody was in the house Within 24 within 48 hours You know who provided information To law enforcement So you know we have that And is it essential to a fair I take it you would say Given the promise of Roviaro That the norms The presumption should be One discloses confidential informants That should be the norm Because presumably They will always be some evidence They have about what happened Now sometimes it's not going to be Very helpful evidence To the defendant But they will always have some evidence Well And therefore it helps to know Who they are And what their motives are Or whatever else And it seems That really seems like the conclusion Or perhaps that would be my choice I'm not asking the court To make that decision Here today What I'm saying though Is the balancing test I just want to know where the line is Well Everything you're saying Seems to point pretty strongly Towards the norm should be Disclose the confidential informant What we have here Versus some other situations Where you have a confidential informant Who's doing hand to hand buys Who's being monitored By law enforcement Who perhaps There is even law enforcement You know viewing The controlled buy Is a factual scenario Far different than what we have here Where a man says I did not possess that firearm And there is nobody He can call on to testify Could he be forced You know to provide his own testimony Of course not This court wouldn't want that to occur So what we have here Is a very different You know And this is a very fact based claim That we're talking about here And the fact based claim is that Here there's really no other defense That he has He has nothing else He says it's not mine Yeah Somebody else is in the house I'm not sure I buy that I mean he has the detective And he gets to cross examine the detective And make sure the detective Isn't making a mistake So that's That's a pretty fair game And then Assuming it's his house There's an awful lot of evidence That would suggest He spent a lot of time there Including photos of him in the house He has reason to figure out How this gun could have been there Those are two paths he can pursue I don't think it's fair to say He has no options I would say his options are Limited or foreclosed When you know there's somebody in the house Within 48 hours You know who is looking And trying to You know provide information And what were the motivations Of this individual All we know is that He was a reliable CI He had done this in the past Okay At least according to the affidavit If we're to believe the affidavit So here's somebody That does this regularly Who is in the house And Mr. Shanklin Never gets to know Who that person is He never gets The opportunity to To cross examine that person Or just to interview that person And so what is he left with Talking Cross examining a detective Who found Yeah Who again says they found a firearm You know but again That Well he could He could have Had hypothetically Family members or friends Who would testify That they had been in the house And they had never seen a gun Or that they had been in his bedroom And they had never seen a gun Right That wouldn't be self-incrimination That would be That he'd had visitors Now if somebody may never have had visitors Especially in the bedroom Yes Of course that's true I think in many ways You call your mom in Or his mother Who also was Connected with the property That testimony is going to be Viewed as self-serving Well but Most people's testimony Is self-serving Police officers are self-serving Just as Regular people are self-serving And so yes There would have been some other ways Of denying Yeah The negative Yeah It wasn't there Was there a better way We would say there was not Thank you Thank you Thank you May it please the court Erin McKenzie On behalf of the United States At the heart of The Defense argument Is The idea of fairness And I think That concept drives The court's analysis It drives The analysis in All of the Opinions that speak to The Privilege of the government To not disclose Identities Of people who provide information To police The The bottom line Here Is that This was a fair trial Justice was done That is reflected In the record It is reflected in The district court's Written reasoning On the issue It's Affirmed When the court surveys All of the Authorities That have spoken And particularly In the 6th circuit To this issue Since The holding Of Riverio The appellate Council sites I have Two primary Points to make On this issue The first one Is that The defendants Claim The defense argument Is It's based on Speculation And nothing more But you know What's What's he going to do? Of course he has to speculate It seems that's That was one part of your argument That I don't Doesn't seem Certainly You know Doesn't seem very fair What else is he going to do here? He has to speculate If you're not going to tell him who it is Well I have two I have two responses to that The first one is that Fairness is Is something that is Defined By definition It is It is fair When we follow the law And in this case There are A number of Opinions that Touch on situations where A defendant makes An argument Very similar to this But what if What if the Tipster slash Confidential informants Information was that I was in the house On such and such day I saw marijuana Plants growing And I saw a gun Next to the Bed On the bed stand And then that's Then the detective Everything else is the same About the case Now what are we Is it the same Same deal You don't have to disclose No Why isn't that I mean His whole theory was The informant Planted the gun And Why Now we have a witness I mean he's Why don't they get to Cross examine this witness I would point the court To the case United States versus Beals It's a six circuit case And the facts were similar The CI had Been inside The defendant's garage And later Informed law enforcement He's got A gun in there The police Use the CI's information They use the The tip to Obtain a search warrant A search of that garage Yields a gun And evidence Suggesting drug trafficking The court In the Beals case Distinguishes between Informants Who Help orchestrate Or set in motion A fruitful search Versus informants Who Help orchestrate Or participate In the crime itself And there is a distinction Between the two of those The In the Beals case In this case There's another case From 2015 It's United States Versus Ray Where again The court Addresses informants Who supply information That the police Rely on Either to initiate An investigation Or They incorporate That information Into an affidavit To obtain a search warrant Both of those opinions Held that disclosure Was not required Because The informant In that case Was not a participant In the crime Did not Participate In a controlled By Or any sort of Underlying transaction And The information That that person Possessed Was simply Used to obtain A search warrant And further An investigation And that is an Important distinction Because The concept of Fairness that's Driving all of this Also Encompasses The balancing That has to go on And I want to ask a question about that The way I read the case Is we're supposed to Balance the defendant's Interest In disclosure With the government's Interest in confidentiality Did you articulate Any specific Reason Why You didn't want to Disclose the Informant's name Over and above Is it just the Generic reason Of concerns With protecting The witness Or were there any Informant specific Reasons Why the government Wouldn't want to disclose In this case If I could answer that question In two parts The first part being I don't know That it's Specifically spelled out In my brief But I do know That the affidavit Supporting the search warrants In this case The detective States that the Informant Is Concerned for his safety And wishes to remain Anonymous And that affidavit Is part of the record I believe it's Record entry 29-2 But it's just A generic statement Of concern For safety It doesn't say Why the CIA Is concerned For safety Certainly And that gets me To the Second part Of my answer Which is None of the cases That I'm aware of Require More than that That General concern For the safety Of Informants And tipsters That is the reason For the balancing All in and of itself Wouldn't that be present In every case? It is present In every case So then In every case The CIA Identity Is not going to have To be disclosed If that Is always a factor Because The sanctity of life Et cetera We want to protect The life of the CIA It is always a factor It's not Always The dispositive Factor There are Situations Where The defense Need For the information And The potential Relevance Of that information Is enough To Tip that balance This is not One of those cases Can you give us A case where It has been Held that The need For the information Was sufficient To tip the balance? What Would be The worst Cases From your Perspective? I usually ask For the best Case But I'm Flipping it Certainly Good time For a memory Lapse Well I think That Please The Rivero Case Cited by Appellant Counsel I think Is a very Good example Of a Worst case The Court Found That Most Of the Government Underpinning That Privilege Were Outweighed By the Defendant's Need What Happened In that Case Was There Was a Confidential Informant Who Introduced And Forgive Me There Was a There Were Two They Met The Informant Drove His Vehicle To The Location There Were Police Or Agents In Cars Behind That Vehicle And There Was An Agent In His Car And They Drive Around In A Way That Indicates Counter Surveillance And The Officer In The Trunk Even Hears The Defendant Tell The C.I. To Pull Over So We Can See The Defendant Get Out Go To The Tree Pick Something Up And Then The Defendant Is Prosecuted And Tried And Convicted Of Transporting Heroin That Was The Charge At The Time In That Case The C.I. Had To Be Disclosed In The Interest Of Fairness Because First Of All There Had Been The Defendant Was Driving In The Same Car As The C.I. And The C.I. Was Coming Through The Mouthpiece Of A Detective So  Raised  Regarding The Defendant's Right To Essentially Cross-Examine Or Probe The C.I. On That Conversation And That Transaction There Was Also An Issue Raised About Whether Or Not The Defendant Knew What Was In The Package That He Picked Up And The C.I. Being The Only Other Person That Was Party To That Transaction The Court Found Was A C.I. And The C.I. Says That He Saw Marijuana Plants Growing And That's Put Into The Affidavit For A Search Warrant The Search Warrant Is Executed Within 48 Hours And The Police Go In And They Find The Plants Apparently In The Kitchen And They Find The Gun So The Theory Is It Is Not My Gun And We Know That A Police C.I. Was In The House And He Is The Most Logical Person I Need To Know Who The C.I. Is In Order To Examine Him And Find Out A Whether He Saw The Gun B Whether He Planted It In  Kitchen        I Need To Know Who The C.I. Is In Order To Examine Him And Find Out A Whether He Saw The Gun           To Know Who The C.I. Is In Order To Examine Him And Find Out A Whether He Planted It     In Kitchen To     Is In Order To Examine Him And Find Out A Whether He Planted It In Kitchen To Find Out A Whether He Planted It      But I think we all agree under those hypothetical facts, if the government possessed that information, I would be obligated to turn it over. And if the CI had said, I did see a gun, would that have to be revealed also? No, because I believe that that falls more in line with the facts in the Beals case. Thank you. Thank you again, your honors. Again, what we want to point out here, as the court has already pointed out in the prior line of questioning, is what else could Mr. Shanklin have done? He doesn't know who the CI is. What's your take on whether he was in the house? I would say it's likely that he was in the house. Because? Because, again, the affidavit says that he saw these plants that were inside the house. Now, does that foreclose him tiptoeing around the kitchen and peeking in? No. But is that a realistic assumption to make compared to somebody who came in for a drug transaction or some other reason and saw some things in there and saw an opportunity? Is there anything else in the affidavit about whether, suggesting if he was in the house, he saw all of the inside of the house? Is there, there's nothing really to that effect, is there? There is. It's a bare-bones affidavit. I mean, it truly is. And why it wasn't challenged on other grounds, I don't know. But it wasn't. You know, so what we have is a bare-bones affidavit stating that, you know. But that hurts you. The more bare-bones it is, the less likely it seems you have a theory that he's a witness. Well, no, I still think the theory stands is, you know, the client demanded a trial. Mr. Shanklin said, they're not mine. Yeah. And, again, we don't have to, we can't prove the negative. Yeah. But we could. And, frankly, your line of questioning about Brady, you know, we never know. We don't know who this person is. We don't know what that person knew. Yeah. So we don't know if he saw it or she saw it, saw a firearm, if she didn't see or didn't see, or did see the firearm. So I understand your opponent in terms of this end questioning about hypotheticals on the CI. My understanding is that she said that if the CI was in the house and said that she or he saw a gun, that that would not have to be revealed. But it would have to be revealed if the CI said that the CI didn't see a gun, because that would be exculpatory evidence under Brady. Do you agree with that statement of the law of those hypotheticals? Your Honor, I would not. What's wrong with it? Well, you agree with the Brady part of it. Oh, yes. I do agree with the Brady part of it. But Herbert Lyons upon Beale, I think is misstated here. Beale, they never got inside a residence, okay, or into the domain of the home here. So, you know, if somebody was inside the domain of the home, saw a firearm, and that that was not provided in terms of the affidavit, then that must be disclosed. Even though they're not using it as evidence in the trial. What requires them to disclose it under your view? In regard to what would require them to disclose it, you know, I think there's a principle of, you know, of fundamental fairness, you know, in regard to what was, you know, observed and should have been provided to the judge who was deciding whether or not to grant the search warrant, you know, in this situation. But there was enough in the search warrant to grant, enough in the search warrant affidavit to grant the search because the C.I. says, I mean, the affidavit says the C.I. observed numerous marijuana plants inside this building. Yes, it was decided that was sufficient. You know, and it's not a question that I had thought long on before being asked, and I understand the court's, you know, interest in that question, and I wish I was a bit more thoughtful in regard to my response, you know, to that question, but again, the issue of the fundamentals. On that point, speaking only for myself, if you have a Eureka moment, I won't mind if you send us a letter. Right, we always welcome that. Well, thank you, Your Honor. I do appreciate that. And again, what we're asking, of course, on behalf of Mr. Shanklin, while we have three assignments of error, I think we've honed in on the one that is most important, and we are asking for remand with the order to disclose a confidential informant. Thank you. Thank you. And Mr. Kidd, we understand that you're appointed pursuant to the Criminal Justice Act, and we thank you for your service to your client and to the service of justice. Thank you both for your argument. The case will be submitted, and would the clerk call the next case, please.